In re:   TSAI LUAN HO aka SHELBY HO

Debtor(s)

Bankruptcy No.: 18-30581
R.S. No.:
Hearing Date:   01/10/2019
Time:           9:30 am

## Relief From Stay Cover Sheet

Instructions: Complete caption and Section A for all motions.  Complete Section B for mobile homes, motor vehicles, and personal property. Complete Section C for real property.  Utilize Section C as necessary.  If moving party is not a secured creditor, briefly summarize the nature of the motion in Section D.

(A)   Date Petition Filed:   05/28/2018                    Chapter:   7
      Prior hearings on this obligation:   none        Last Day to File §523/§727 Complaints:   08/27/2018

(B)   Description of personal property collateral (e.g. 1983 Ford Taurus):   N/A

      Secured Creditor  [  ] or lessor [  ]
      Fair market value:       $_____        Source of value:_____
      Contract Balance:        $_____        Pre-Petition Default:     $_____
      Monthly Payment:         $_____            No. of months:_____
      Insurance Advance:       $_____        Post-Petition Default:    $_____
                                                            No. of months:_____

(C)   Description of real property collateral (e.g. Single family residence, Oakland, CA):

      Fair market value: $_____        Source of value:_____        If appraisal, date:_____

      Moving Party's position (first trust deed, second, abstract, etc.):

      Approx. Bal.           $_____        Pre-Petition Default:     $_____
      As of (date): _____                     No. of months:_____
      Mo. payment:           $_____        Post-Petition Default:    $_____
      Notice of Default (date): _____                 No. of months:_____
      Notice of Trustee's Sale: _____              Advances Senior Liens:    $_____

      Specify name and status of other liens and encumbrances, if known (e.g. trust deeds, tax liens, etc.):   N/A

| Position | Amount | Mo. Payment | Defaults |
|---|---|---|---|
| 1st Trust Deed:_____ | $_____ | $_____ | $_____ |
| 2nd Trust Deed: _____ | $_____ | $_____ | $_____ |
| _____: | | | |
| _____: | | | |
| _____ | | | |
| (Total) | $_____ | $_____ | $_____ |

(D)   Other pertinent information: Movants seek relief under 11 U.S.C. §362(d)(1) to proceed with the non-bankruptcy actions filed in the Superior Court of California, County of Los Angeles: (1) Case No. KC068184, (2) Case No. KC070266 and (3) KC070327.

Dated: 12/19/2018

_____
Signature
James S. Yan
Print or Type Name

Attorney for Movants

1  JAMES S. YAN, ESQ. (SB#157487)
   Law Offices of James S. Yan
2  980 S. Arroyo Parkway
   Suite 250
3  Pasadena, CA 91105
   Telephone: (626) 405-0872
4  Facsimile: (626) 405-0970
   Email: jsyan@msn.com
5
   Attorney for Movants Shao Fang Huang;
6  Anson Well International Limited; PA One
   LLC; Union Square Disney Project LLC; and
7  Transamerica Project LLC

8

9              UNITED STATES BANKRUPTCY COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                 (SAN FRANCISCO DIVISION)

12

13  In re TSAI LUAN HO aka SHELBY HO,    ) Case No. 18-30581
                                          )
14                                        ) Chapter 7
                                          )
15                         Debtor.        ) **MOTION FOR RELIEF FROM THE**
                                          ) **AUTOMATIC STAY UNDER 11 U.S.C.**
16                                        ) **§362; MEMORANDUM OF POINTS AND**
                                          ) **AUTHORITIES; DECLARATIONS OF**
17                                        ) **SHAO FANG HUANG AND FRED WONG**
                                          ) **IN SUPPORT THEREOF**
18                                        )
                                          )
19                                        )
                                          )
20                                        )
                                          )
21                                        )
                                          ) Hearing:
22                                        ) Date: January 10, 2019
                                          ) Time: 9:30 a.m.
23                                        ) Place: U.S. Bankruptcy Court
                                          )        450 Golden Gate Ave., 16th Floor
24                                        )        San Francisco, CA 94102
                                          )
25                                        )
26

27

28
                                -1-
_____
        MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;
                 MEMORANDUM OF POINTS AND AUTHORITIES;
        DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF

# TABLE OF CONTENTS

MOTION FOR RELIEF ............................................................................................... 3

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 5

   I.   STATEMENT OF FACTS ....................................................................................... 5

      1.   Case background. ....................................................................................... 5

      2.   Procedural status of the State Court Action. ........................................... 7

   II.   ARGUMENT ....................................................................................................... 8

      A.   Cause exists to grant relief of stay to permit the State Court Action to continue pursuant to 11 U.S.C. §362(d)(1). .............................................................................. 8

      B.   Stay should be lifted on the ground of permissive abstention under 28 U.S.C. §1334(c)(1). .. 12

   III.   CONCLUSION .................................................................................................. 14

DECLARATION OF SHAO FANG HUANG ................................................................... 15

DECLARATION OF FRED WONG ................................................................................ 18

-2-

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;**
**MEMORANDUM OF POINTS AND AUTHORITIES;**
**DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF**

Case: 18-30581   Doc# 77   Filed: 12/19/18   Entered: 12/19/18 14:30:18   Page 3 of 21

## MOTION FOR RELIEF

Movants Shao Fang Huang, Anson Well International Limited, PA One LLC, Union Square Disney Project LLC and Transamerica Project LLC (collectively "Movants") hereby submit this Motion for Relief from the Automatic Stay, to allow them to continue their state court litigation against Tsai Luan Ho aka Shelby Ho (the "Debtor" or "Ho") in order to properly liquidate their claims.

From 2012 to 2015, Movants, as buyers, invested a total of $27 million in the purchase of real properties, with the Debtor Ho serving as Movants' real estate agent. The entire $27 million disappeared after Movants had deposited the funds in the accounts pursuant to Ho's instructions, and none of the real property was purchased.

From 2016 to 2018, Movants filed three state court lawsuits against the Debtor and her co-conspirators in the California Superior Court, Los Angeles County (Ponoma), Case Nos. KC068184, KC70266, and KC070327 (collectively the "State Court Action"). The State Court Action concerns the same set of facts and involves issues under California laws. The Debtor is one of four defendants in the State Court Action.

This Motion is made under 11 U.S.C §362(d)(1), "for cause," because the Debtor filed Chapter 7 bankruptcy in the middle of the state court case, causing a stay of the State Court Action.

Movants respectfully request that the stay be lifted for the following reasons: (1) the issues in the State Court Action involve exclusively issues under California laws, and the state court can most efficiently and expeditiously enter a judgment and findings of fact in complete resolution of all of the issues, (2) in addition to Movants and the Debtor, the State Court Action involves three third-party defendants who are not subject to the jurisdiction of this Court, (3) the parties have already litigated the State Court Action for three years since January 2016, and both the state court and the parties are ready to try the case, (4) proceeding under the State Court Action will not interfere with administration of the estate since the stay remains in effect as to collection of any resulting judgment against the Debtor or the estate.

This Motion is based on this motion, the notice thereof, the attached memorandum of points and authorities, the attached declarations of Shao Fang Huang and Fred Wong in support thereof, the

-3-

1    complete files and records of this action, as well as any matter of which this Court may take judicial

2    notice.

3        WHEREFORE, Movants respectfully pray for an order of this Court that provides as follows:

4        1.      The Motion is granted pursuant to 11 U.S.C. §362(d)(1);

5        2.      Movants may proceed under applicable non-bankruptcy law to enforce its remedies to

6    proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with

7    respect to enforcement of any judgment against the Debtor or estate property; and

8        3.      The 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy

9    Procedure is waived.

11                   Respectfully submitted,

13 Dated: December 19, 2018             By:    /s/ JAMES S. YAN

14                                   JAMES S. YAN

                                     Attorney for Movants

15                                   Shao Fang Huang, Anson Well

                                  International Limited, PA One LLC,

16                                   Union Square Disney Project LLC and

17                                   Transamerica Project LLC

-4-

MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;
MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF

Case: 18-30581    Doc# 77    Filed: 12/19/18    Entered: 12/19/18 14:30:18    Page 5 of 21

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

1.    <u>Case background.</u>

The debtor Tsai Luan Ho ("**Ho**") is a real estate broker licensed by the California Department of Real Estate since 2006. <u>See</u> Decl. Huang ¶ 3.

Movants Shao Fang Huang (hereinafter "**Huang**"), Anson Well International Limited (hereinafter "**Anson Well**"), PA One LLC (hereinafter "**PA One**"), Union Square Disney Project LLC (hereinafter "USDP"), and Transamerica Project LLC (hereinafter "**Transamerica**") were investors who retained Ho's services as their real estate broker/agent to purchase real properties. <u>See</u> Decl. Huang ¶ 4. Huang was the manager for all of the above-mentioned movant entities. <u>See</u> Decl. Huang ¶ 2.

In 2012 and 2013, Movants retained Ho as the real estate broker/agent to assist them, as buyers, to purchase seven pieces of distressed real properties from Liberty Asset Management Corporation (hereinafter "**LAMC**"). According to Ho, LAMC specialized in the purchase of distressed real properties or default promissory notes secured by distressed real properties from the banks and then sold such properties or notes to sellers. <u>See</u> Decl. Huang ¶ 6.

LAMC was owned and/or controlled by Lucy Gao (hereinafter "**Gao**"), Benny Kirk (hereinafter "**Kirk**") and Vanessa Lavendera (hereinafter "**Lavendera**"). <u>See</u> Decl. Huang ¶ 7.

From 2012 to 2013, through Ho's arrangements, Movants entered into seven contracts to purchase seven pieces of distressed real properties from LAMC and its affiliated entity. In each of the real estate transaction at issue, Ho made multiple misrepresentations to Huang so as to induce Movants to enter into the purchase agreement with LAMC to purchase such distressed real property. <u>See</u> Decl. Huang ¶ 8.

Moreover, in the real estate transactions at issue, Ho made misrepresentations to Huang to induce Movants to make purchase price deposits, in the total amount of $27 million, into accounts held by escrow companies that were either owned and/or controlled by LAMC, which deposits would be

-5-

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;**
**MEMORANDUM OF POINTS AND AUTHORITIES;**
**DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF**

Case: 18-30581    Doc# 77    Filed: 12/19/18    Entered: 12/19/18 14:30:18    Page 6 of 21

immediately withdrawn from such escrow accounts and used for the benefit of LAMC's principals and Ho without Movants' knowledge or consent. See Decl. Huang ¶ 9.

Furthermore, in the transactions at issue, Ho repeatedly made misrepresentations to Huang that the purchase was being handled and that LAMC needed more time to negotiate with the bank, for the purpose of inducing Movants to extend the purchase agreements thus providing more time for Ho and LAMC's principals to divert Movants' investment funds. See Decl. Huang ¶ 10.

Unbeknownst to Movants, Ho had entered into a profit-sharing agreement with LAMC so that she would receive 50% of the profits from LAMC in all of the Movants' real estate transactions. See Decl. Huang ¶ 11. On information and belief, during the time Movants' escrow deposits were diverted, LAMC transferred funds and real properties to Ho in the total value of over $13 million from 2012 to 2015. See Decl. Huang ¶ 12.

On January 22, 2016, Movants Huang, Anson Well and PA One filed an action in the California Superior Court against Ho, Gao, Kirk and Lavendera in Shao Fang Huang, et al. v. Tsai Luan Ho, et al, Case No. KC068184. In their second amended complaint, Movants allege seven causes of action against defendants: (1) Breach of Oral Contract; (2) Breach of Fiduciary Duty; (3) Intentional Misrepresentation; (4) Fraudulent Concealment; (5) Conversion; (6) Negligent Misrepresentation; and (7) Negligence (hereinafter "**First Action**"). See Decl. Huang ¶ 13 and Decl. Wong ¶ 4, with a copy of the complaint filed in the First Action attached as Exhibit "A."

On May 7, 2018, Movants Huang, Anson Well and PA One filed the second action in the California Superior Court against Ho, Gao, Kirk and Lavendera in Shao Fang Huang, et al. v. Tsai Luan Ho, et al, Case No. KC070266. In their complaint, Movants allege seven causes of action against defendants: (1) Breach of Oral Contract; (2) Breach of Fiduciary Duty; (3) Intentional Misrepresentation; (4) Fraudulent Concealment; (5) Conversion; (6) Negligent Misrepresentation; and (7) Negligence (hereinafter "**Second Action**"). See Decl. Huang ¶ 14 and Decl. Wong ¶ 5, with a copy of the complaint filed in the Second Action attached as Exhibit "B."

On May 29, 2018, Movants USDP and Transamerica filed an action in the California Superior Court against Ho, Gao, Kirk and Lavendera in Union Square Disney Project LLC, et al. v. Tsai Luan

Ho, et al, Case No. KC070327. In their complaint, Movants allege six causes of action against defendants: (1) Breach of Fiduciary Duty; (2) Intentional Misrepresentation; (3) Fraudulent Concealment; (4) Conversion; (5) Negligent Misrepresentation; and (6) Negligence (hereinafter **"Third Action"**). See Decl. Huang ¶ 15 and Decl. Wong ¶ 6, with a copy of the complaint filed in the Third Action attached as Exhibit "C." (The First Action, Second Action and Third Action are hereinafter collectively referred to as the **"State Court Action"**).

On May 28, 2018, Ho filed the captioned Chapter 7 bankruptcy.

On August 23, 2018, Movants filed a complaint to determine dischargeability of debt under 11 U.S.C. §§ 523(A)(2), 523(A)(4) and 523(A)(6).

2.    Procedural status of the State Court Action.

On October 1, 2018, the state court consolidated the First Action, Second Action and Third Action for trial. See Decl. Wong ¶ 7. The docket sheets for the State Court Action show a summary of the claims, parties and history of the case, as follows (See Decl. Wong ¶ 8, with a copy of the docket sheets for the State Court Action attached as Exhibit "D"):

(a)    On January 22, 2016, Movants Huang, Anson Well and PA One filed the First Action against Ho, Gao, Kirk and Lavendera.

(b)    On August 15, 2016, defendant Gao filed a cross-complaint against defendants Ho, Kirk and Lavendara.

(c)    On September 12, 2016, defendants Kirk and Lavendera filed a cross-complaint against defendant Gao.

(d)    On October 21, 2016, Movants filed a motion to compel deposition against Lavendera. This motion was granted on February 1, 2017.

(e)    On October 24, 2016, defendant/the debtor Ho filed a cross-complaint against Gao.

(f)    The court set the trial date for July 18, 2017.

1   (g)    On January 4, 2017, movant Ho filed a motion to compel discovery against Huang. This
2   motion was granted on February 1, 2017.

3   (h)    On January 12, 2017, defendant Ho filed a motion for protective order.

4   (i)    The court continued the trial date to October 31, 2017.

5   (j)    On December 13, 2017, defendants Kirk and Lavendera filed a motion for summary
6   judgment against Movants Huang and Anson Well. This motion was granted on March 1, 2018.

7   (k)    The court continued the trial date to April 3, 2018.

8   (l)    On January 10, 2018, Movants filed a motion to compel discovery against Gao.

9   (m)    On March 16, 2018, defendant Ho filed a motion for judgment on the pleadings against
10  Movants Huang and Anson Well. This motion was granted in part on April 11, 2018.

11  (n)    The court continued the trial date to June 5, 2018.

12  (o)    On April 3, 2018, Movants filed a motion to compel deposition against Lavendera.

13  (p)    On May 7, 2018, Movants Huang, Anson Well and PA One filed the Second Action
14  against Ho, Gao, Kirk and Lavendera.

15  (q)    On May 29, 2018, Movants USDP and Transamerica filed the Third Action against Ho,
16  Gao, Kirk and Lavendera.

17  (r)    On June 5, 2018, defendant Ho filed a notice of stay of proceeding as a result of her
18  Chapter 7 bankruptcy filing.

19  (s)    On October 1, 2018, the court consolidated the First Action, Second Action and Third
20  Action for trial.

## II.    ARGUMENT

A.    <u>Cause exists to grant relief of stay to permit the State Court Action to continue pursuant
to 11 U.S.C. §362(d)(1).</u>

-8-

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;**
**MEMORANDUM OF POINTS AND AUTHORITIES;**
**DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF**

Case: 18-30581    Doc# 77    Filed: 12/19/18    Entered: 12/19/18 14:30:18    Page 9 of 21

Section 362(d)(1) of the Bankruptcy Code provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause..."

A creditor moving for relief from stay has the burden of producing evidence to make a prima facie case, and the objecting debtor has the burden of persuasion on all issues except on the issue of equity. The creditor who has established a prima facie case is entitled to relief from stay if the debtor fails to carry the burden of persuasion. 11 U.S.C. § 362(g); In re Plumberex Specialty Products, Inc., 311 B.R. 551, 557 (Bankr. C.D. Cal 2004); See In re Advanced Medical Spa, Inc., BAP No. EC-16-10 87-KuMaJu, decided November 28, 2016 (B.A.P. 9th Cir., 2016).

The term "cause" is not defined by the Bankruptcy Code. Some bankruptcy courts, including the courts in the Northern District of California, have used the non-exclusive 12-factor test developed by the Utah Bankruptcy Court in In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984), which was adopted by the Ninth Circuit Bankruptcy Appellate Panel in In re Kronemeyer, 405 B.R. 915, 921 (9th Cir. BAP 2009); In re Howery LLP, 492 B.R. 19 (Bankr. N.D. Cal 2013).

The application of the Curtis 12-factor test supports and establishes cause for modifying the stay in the present case, as follows:

(1)    Whether relief would result in a partial or complete resolution of the issues. In the present case, relief will result in a complete resolution of the issues raised in the State Court Action, which involves multiple disputes between Movants, Ho and three other defendants with respect to the disappearance of the $27 million investment funds. All of the issues are issues under California laws, and none of them involves federal laws. More importantly, in the State Court Action, Ho, Gao, Kirk and Lavendera have all filed cross-complaints against the other defendants as the culpable parties, thus relief will result in a complete resolution of the disputes among all of the parties in the State Court Action.

(2)    Lack of connection or interference with the bankruptcy case. Granting relief from stay will not interfere with the administration of the pending Chapter 7 case since the stay remains in effect as to enforcement of any resulting judgment against the debtor Ho or the estate, except that movant will retain the right to file a proof of claim and/or adversary proceeding in this bankruptcy case.

-9-

MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;
MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF

Case: 18-30581    Doc# 77    Filed: 12/19/18    Entered: 12/19/18 14:30:18    Page 10 of 21

1    (3)    Whether the other proceeding involves the debtor as a fiduciary. The State Court Action
2    involves Ho as a fiduciary in that Ho had allegedly embezzled money held in trust for Movants.

3    (4)    Whether a specialized tribunal with the necessary expertise has been established to hear
4    the cause of action. The parties have already litigated the State Court Action for three years.
5    Specifically, the parties have almost completed discovery. The state court has heard discovery motions,
6    motion for summary judgment, and motion on the pleadings. The state court has set the trial dates four
7    times, but such dates were postponed due to various reasons with the latest one being the filing of Ho's
8    bankruptcy. The state court's familiarity with the case makes it far more likely that this case will be
9    timely adjudicated in the state court. Thus, given all of the time and effort already expended by the state
10   court, the state court has the expertise and is the proper forum to determine the issues in the State Court
11   Action, all of which arise under California laws.

12   (5)    Whether the debtor's insurer has assumed responsibility for defending it. This factor is
13   inapplicable.

14   (6)    Whether the action primarily involves third parties. The State Court Action involves the
15   following third parties who are not related to this bankruptcy case, as follows: (i) Defendant Lucy Gao,
16   (ii) Defendant Benny Kirk, and (iii) Defendant Vanessa Lavendera.

17   (7)    Whether litigation in another forum would prejudice interests of other creditors.
18   Granting relief from stay will not prejudice the interests of other creditors in this Chapter 7 case since
19   the stay remains in effect as to enforcement of any resulting judgment against the debtor Ho or the
20   estate, except that Movants will retain the right to file a proof of claim and/or adversary proceeding in
21   this bankruptcy case.

22   (8)    Whether the judgment claim arising from the other action is subject to equitable
23   subordination. This factor is inapplicable.

24   (9)    Whether movant's success in the other proceeding would result in a judicial lien
25   avoidable by the debtor. This factor is inapplicable since the stay remains in effect as to enforcement of
26   any resulting judgment against the debtor or the estate.

27

28
                                              -10-
MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;
MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF

Case: 18-30581    Doc# 77    Filed: 12/19/18    Entered: 12/19/18 14:30:18    Page 11 of
21

1         (10)   <u>The interests of judicial economy and the expeditious and economical resolution of</u>

2 <u>litigation.</u> Judicial economy weighs in favor of lifting the stay since the State Court Action involves

3 multiple parties. The parties have litigated the State Court Action for three years, with the state court

4 ruling on various motions. The State Court Action involves four defendants, with three of them not

5 subject to the jurisdiction of this court. The facts in the State Court Action are complicated, with three

6 of the four defendants filing cross-complaints against the other defendants. Keeping the dispute in this

7 court will unnecessarily prolong the bankruptcy process. The state court is the most convenient and

8 appropriate forum to determine issues of state laws.

9         (11)   <u>Whether the parties are ready for trial in the other proceeding.</u> The parties have already

10 commenced discovery and litigated certain issues in state court. The state court has previously set four

11 trial dates, with the latest set for June 5, 2018, which was vacated due to Ho's filing for bankruptcy.

12         (12)   <u>Impact of the stay on the parties and the balance of harms.</u> The stay has serious and

13 detrimental effect on all of the parties including Movants. Movants have spent a significant amount of

14 time and money to litigate the State Court Action. Movants are also harmed in that only their action

15 against the debtor Ho is stayed, but Movants' claims against the remaining defendants are not, thus

16 Movants may be forced to litigate the same issues twice, with the first round in the state court against all

17 the defendants except Ho, and the second round in the bankruptcy court against the debtor Ho. On the

18 other hand, Ho is not harmed by the relief from stay in light of the fact that Ho has already filed a cross-

19 complaint against defendant Gao, which claims would have to be resolved either in the state court or

20 bankruptcy court. Hence, the balance of harm weighs in favor of lifting the stay so the parties involved

21 could resolve all of the state issues in state court.

22         Thus, the <u>Curtis</u> 12 factors weigh in favor of modifying the stay to permit the State Court Action

23 to continue.

24     //

25     //

26     //

27     //

28

MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;
MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF

B.     Stay should be lifted on the ground of permissive abstention under 28 U.S.C. §1334(c)(1).

28 U.S.C. § 1334(c)(1) provides for permissive abstention that authorizes a federal court, "in the interest of justice or in the interest of comity with state courts or respect for the State law," to abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

In In re Tucson Estates, Inc., 912 F.2d 1162 (9th Cir. 1990), the Ninth Circuit reversed the bankruptcy court's order staying the state court action and held that the bankruptcy court should have lifted the automatic stay to allow the state court action to continue under the permissive abstention doctrine.

The Ninth Circuit used a 12-factor test to determine whether the stay should be lifted so that the state court action could continue. The application of the 12-factor test supports the lifting of the stay in the present case, as follows:

(1)     The effect or lack thereof on the efficient administration of the estate if a Court recommends abstention. Granting relief from stay will not interfere with the administration of the pending Chapter 11 case since the stay remains in effect as to enforcement of any resulting judgment against the debtor or the estate, except that Movants will retain the right to file a proof of claim and/or adversary proceeding in this bankruptcy case.

(2)     The extent to which state law issues predominate over bankruptcy issues. In the present case, relief will result in a complete resolution of the issues raised in the State Court Action, which involves multiple disputes between Movants, Ho and other defendants with respect to the disappearance of the $27 million investment funds. All of the issues are issues under California laws, and none of them involves federal laws. More importantly, in the State Court Action, Ho, Gao and Lavendera have all filed cross-complaints against the other defendants as the culpable parties, thus relief will result in a complete resolution of the disputes among all of the parties in the State Court Action.

(3)     The difficulty or unsettled nature of the applicable law. The State Court Action involves issues of state laws, including breach of oral contract, breach of fiduciary duty, intentional

-12-

MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;
MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF

Case: 18-30561   Doc# 17   Filed: 12/19/18   Entered: 12/19/18 14:30:18   Page 13 of 21

misrepresentation, fraudulent concealment, conversion, negligent misrepresentation; and negligence. The facts are complicated, with three of the defendants filing cross-complaints against the other defendants. In light of the difficulty of the state issues, the litigation should be handled by the highly qualified state court judge, who is familiar with the law and facts, and who has presided over and ruled on various motions in the State Court Action.

(4)     The presence of a related proceeding commenced in state court or other non bankruptcy court. The State Court Action has been filed in the California Superior Court pre-petition.

(5)     The jurisdictional basis, if any, other than 28 U.S.C. § 1334. There is no independent federal jurisdictional basis for the State Court Action. The State Court Action "could not have been commenced in a court of the United States absent jurisdiction" under 28 U.S.C. §1334. The disputes between Movants, the debtor Ho and other third parties did not arise under Title 11.

(6)     The degree of relatedness or remoteness of the proceeding to the main bankruptcy case. The State Court Action is related to this bankruptcy case because of the Debtor's bankruptcy, but not an action "arising under title 11."

(7)     The substance rather than form of an asserted "core" proceeding. The determination of whether Movants have a state claim against the debtor is not a core proceeding. See Tucson, 912 F.2d at 1168.

(8)     The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court. The State Court Action involves nothing but state claims. In this motion, Movants request that the state court be allowed to determine the extent of Movants' claims under state laws, with the stay remaining in effect as to collection of any judgment resulting thereof.

(9)     The burden of the bankruptcy court's docket. Judicial economy weighs in favor of lifting the stay. Three of the defendants in the State Court Action are not subject to the jurisdiction of this Court. Keeping the multiple-party disputes in the Bankruptcy Court will be a burden on the docket of the court and unnecessarily prolong the bankruptcy process. The State Court is the most convenient and appropriate forum to determine issues of state law.

-13-

1      (10)    <u>The likelihood that the commencement of the proceeding in bankruptcy court involves</u>

2 <u>forum shopping by one of the parties.</u> Prior to the debtor's filing for bankruptcy on May 28, 2018, the

3 state court has already set a trial date of June 5, 2018 in the First Action. The debtor's bankruptcy filing

4 appears to be an attempt to stop the trial in the state court.

5      (11)    <u>The existence of a right to a jury trial.</u> The parties in the State Court Action demand a

6 jury trial. Assuming the reference is withdrawn, it would be a burden to conduct a jury trial in the

7 Bankruptcy Court. Since this case involves only state issues, there is no reason to try this case in the

8 federal court.

9      (12)    <u>The presence in the proceeding of non-debtor parties.</u> The State Court Action involves

10 the following third parties who are not parties to this bankruptcy case: (i) Defendant Lucy Gao, (ii)

11 Defendant Benny Kirk, and (iii) Defendant Vanessa Lavendera.

12      Thus, the <u>Tucson</u> 12-factors weigh in favor of modifying the stay to permit the State Court

13 Action to proceed.

14

15

16                            **III.**    **CONCLUSION**

17      For the foregoing reasons, Movant respectfully requests that the Court enter an order granting

18 this Motion for Relief.

19                                    Respectfully submitted,

20

21 Dated: December 19, 2018          By:     /s/ JAMES S. YAN

22                                      JAMES S. YAN

23                                      Attorney for Movants

24                                      Shao Fang Huang, Anson Well
International Limited, PA One LLC,

25                                      Union Square Disney Project LLC and
Transamerica Project LLC

26

27

28

-14-

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;**
**MEMORANDUM OF POINTS AND AUTHORITIES;**
**DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF**

Case: 18-30861   Doc# 77   Filed: 12/19/18   Entered: 12/19/18 14:30:18   Page 15 of 21

## DECLARATION OF SHAO FANG HUANG

I, Shao Fang Huang, declare:

1.     I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.

2.     This Declaration is made in support of the Motion for Relief from the Automatic Stay filed by me, Anson Well International Limited ("Anson Well"), PA One LLC ("PA One"), Union Square Disney Project LLC ("USDP"), and Transamerica Project LLC ("Transamerica")(collectively "Movants"). I was the manager for all of the above-mentioned movant entities.

3.     The debtor Tsai Luan Ho ("Ho") is a real estate broker licensed by the California Department of Real Estate since 2006.

4.     I, along with, Anson Well, PA One, USDP and Transamerica were investors who retained Ho's services as our real estate broker/agent to purchase real properties.

5.     In 2012 and 2013, Movants retained Ho as the real estate broker/agent to assist them, as buyers, to purchase seven pieces of distressed real properties from Liberty Asset Management Corporation ("LAMC"). According to Ho, LAMC specialized in the purchase of distressed real properties or default promissory notes secured by distressed real properties from the banks and then sold such properties or notes to sellers.

6.     On information and belief, LAMC was owned/controlled by Lucy Gao ("Gao"), Benny Kirk ("Kirk") and Vanessa Lavendera ("Lavendera").

7.     From 2012 to 2013, through Ho's arrangements, Movants entered into seven contracts to purchase seven pieces of distressed real properties from LAMC and its affiliated entity. In each of the real estate transaction at issue, Ho made multiple misrepresentations to me so as to induce Movants to enter into the purchase agreement with LAMC to purchase such distressed real property.

8.     In the seven real estate transactions at issue, Ho made misrepresentations to me to induce Movants to make purchase price deposits, in the total amount of $27 million, into accounts held by escrow companies that were either owned or controlled by LAMC. Unbeknownst to Movants, LAMC

-15-

MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;
MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF

Case: 18-30581    Doc# 77    Filed: 12/19/18    Entered: 12/19/18 14:30:18    Page 16 of 21

1  would immediately withdraw such purchase price deposits from the escrow accounts and used the funds
2  for the benefit of LAMC's principals and Ho without Movants' knowledge or consent.

3       9.     In the seven transactions at issue, Ho repeatedly made misrepresentations to me that the
4  purchase was being handled and that LAMC needed more time to negotiate with the bank, for the
5  purpose of inducing Movants to extend the purchase agreements thus providing more time for Ho and
6  LAMC's principals to divert Movants' investment funds.

7       10.    In the seven transactions at issue, Movants did not buy any real property, nor did they
8  receive refund of the purchase price deposits.

9       11.    Unbeknownst to Movants, Ho had entered into a profit-sharing agreement with LAMC so
10  that she would receive 50% of the profits from LAMC in all of the Movants' real estate transactions.

11       12.    On information and belief, during the time Movants' escrow deposits were diverted,
12  LAMC transferred funds and real properties to Ho in the total value of over $13 million from 2012 to
13  2015.

14       13.    On January 22, 2016, Movants Huang, Anson Well and PA One filed an action in the
15  California Superior Court against Ho, Gao, Kirk and Lavendera in Shao Fang Huang, et al. v. Tsai Luan
16  Ho, et al, Case No. KC068184. Attached hereto as Exhibit "A" is a true and correct copy of the
17  complaint filed in the First Action.

18       14.    On May 7, 2018, Movants Huang, Anson Well and PA One filed the second action in the
19  California Superior Court against Ho, Gao, Kirk and Lavendera in Shao Fang Huang, et al. v. Tsai Luan
20  Ho, et al, Case No. KC070266. Attached hereto as Exhibit "B" is a true and correct copy of the
21  complaint filed in the Second Action.

22       15.    On May 29, 2018, Movants USDP and Transamerica filed an action in the California
23  Superior Court against Ho, Gao, Kirk and Lavendera in Union Square Disney Project LLC, et al. v. Tsai
24  Luan Ho, et al, Case No. KC070327. Attached hereto as Exhibit "C" is a true and correct copy of the
25  complaint filed in the Third Action.

26  //
27  //
28

-16-

MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;
MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF

Case: 18-30581   Doc# 77   Filed: 12/19/18   Entered: 12/19/18 14:30:18   Page 17 of
21

1    I declare under penalty of perjury under the laws of the United States that the foregoing is true
2    and correct. If called upon as a witness, I could and would testify competently to the foregoing.
3        Executed this _19_ day of December 2018, at Taiwan.
4
5
6                                                    Shao Fang Huang
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;**
**MEMORANDUM OF POINTS AND AUTHORITIES;**

# DECLARATION OF FRED WONG

I, Fred Wong, declare:

1.      I am an attorney at law duly licensed to practice in all courts of the State of California. The statements contained herein are of my own personal knowledge and I could and would competently testify to same under oath if called upon to do so.

2.      This Declaration is made in support of the Motion for Relief from the Automatic Stay filed by Shao Fang Huang ("Huang"), Anson Well International Limited ("Anson Well"), PA One LLC ("PA One"), Union Square Disney Project LLC ("USDP"), and Transamerica Project LLC ("Transamerica") (collectively "Movants").

3.      I am the attorney for the Movants in the California Superior Court actions that were filed pre-petition against the debtor Tsai Luan Ho ("Ho"), as well as co-defendants Lucy Gao ("Gao"), Benny Kirk ("Kirk") and Vanessa Lavendera ("Lavendera").

4.      On January 22, 2016, Movants Huang, Anson Well and PA One filed an action in the California Superior Court against Ho, Gao, Kirk and Lavendera in <u>Shao Fang Huang, et al. v. Tsai Luan Ho, et al</u>, Case No. KC068184 ("First Action"). Attached hereto as Exhibit "A" is a true and correct copy of the complaint filed in the First Action.

5.      On May 7, 2018, Movants Huang, Anson Well and PA One filed the second action in the California Superior Court against Ho, Gao, Kirk and Lavendera in <u>Shao Fang Huang, et al. v. Tsai Luan Ho, et al</u>, Case No. KC070266 ("Second Action"). Attached hereto as Exhibit "B" is a true and correct copy of the complaint filed in the Second Action.

6.      On May 29, 2018, Movants USDP and Transamerica filed an action in the California Superior Court against Ho, Gao, Kirk and Lavendera in <u>Union Square Disney Project LLC, et al. v. Tsai Luan Ho, et al</u>, Case No. KC070327 ("Third Action"). Attached hereto as Exhibit "C" is a true and correct copy of the complaint filed in the Third Action.

7.      On October 1, 2018, the state court consolidated the First Action, Second Action and Third Action for trial (the First Action, Second Action and Third Action are hereinafter collectively referred to as the "State Court Action").

-18-

MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;
MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF

Case: 18-30581    Doc# 77    Filed: 12/19/18    Entered: 12/19/18 14:30:18    Page 19 of 21

8.      The docket sheets for the State Court Action show a summary of the claims, parties and history of the case, as follows (a true and correct copy of the docket sheets is attached hereto as Exhibit "D"):

(a)      On January 22, 2016, Movants Huang, Anson Well and PA One filed the First Action against Ho, Gao, Kirk and Lavendera.

(b)      On August 15, 2016, defendant Gao filed a cross-complaint against defendants Ho, Kirk and Lavendara.

(c)      On September 12, 2016, defendants Kirk and Lavendera filed a cross-complaint against defendant Gao.

(d)      On October 21, 2016, Movants filed a motion to compel deposition against Lavendera. This motion was granted on February 1, 2017.

(e)      On October 24, 2016, defendant/the debtor Ho filed a cross-complaint against Gao.

(f)      The court set the trial date for July 18, 2017.

(g)      On January 4, 2017, movant Ho filed a motion to compel discovery against Huang. This motion was granted on February 1, 2017.

(h)      On January 12, 2017, defendant Ho filed a motion for protective order.

(i)      The court continued the trial date to October 31, 2017.

(j)      On December 13, 2017, defendants Kirk and Lavendera filed a motion for summary judgment against Movants Huang and Anson Well. This motion was granted on March 1, 2018.

(k)      The court continued the trial date to April 3, 2018.

(l)      On January 10, 2018, Movants filed a motion to compel discovery against Gao.

(m)      On March 16, 2018, defendant Ho filed a motion for judgment on the pleadings against Movants Huang and Anson Well. This motion was granted in part on April 11, 2018.

(n)      The court continued the trial date to June 5, 2018.

(o)      On April 3, 2018, Movants filed a motion to compel deposition against Lavendera.

(p)      On May 7, 2018, Movants Huang, Anson Well and PA One filed the Second Action against Ho, Gao, Kirk and Lavendera.

-19-

MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362;
MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATIONS OF SHAO FANG HUANG AND FRED WONG IN SUPPORT THEREOF

Case: 18-30581    Doc# 77    Filed: 12/19/18    Entered: 12/19/18 14:30:18    Page 20 of 21

(q)     On May 29, 2018, Movants USDP and Transamerica filed the Third Action against Ho, Gao, Kirk and Lavendera.

(r)     On June 5, 2018, defendant Ho filed a notice of stay of proceeding as a result of her Chapter 7 bankruptcy filing.

(s)     On October 1, 2018, the court consolidated the First Action, Second Action and Third Action for trial.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. If called upon as a witness, I could and would testify competently to the foregoing.

Executed this 18 day of December 2018, at Pasadena, California.

Fred Wong

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362; MEMORANDUM OF POINTS AND AUTHORITIES;**