Entered on Docket
April 04, 2018
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: April 4, 2018

_____
DENNIS MONTALI
U.S. Bankruptcy Judge

JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
RACHEL M. SPOSATO (SBN 306045)
rsposato@jhindslaw.com
HINDS & SHANKMAN, LLP
21257 Hawthorne Blvd., Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

General Bankruptcy Counsel for Great Vista Real Estate
Investment Corporation, Debtor and Debtor-in-possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>GREAT VISTA REAL ESTATE INVESTMENT CORPORATION,<br><br>　　　　　　Debtor. | Case No. 18-30032-DM<br><br>Chapter 11<br><br>**ORDER AUTHORIZING THE SALE OF 126 ATHERTON AVENUE, ATHERTON, CALIFORNIA FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING RELATED PAYMENTS OF CLAIMS THROUGH ESCROW AND (III) GRANTING RELATED RELIEF**<br><br>Date: March 30, 2018<br>Time: 11:00 a.m.<br>Ctrm: 17, 450 Golden Gate Ave., 16th Floor, San Francisco, CA 94102 |

1

ORDER AUTHORIZING THE SALE OF 126 ATHERTON AVENUE, CALIFORNIA FREE AN CLEAR OF LIENS, CLAIMS, ENCUMBRANCE, AND OTHER INTERESTS

Case: 18-30032    Doc# 83    Filed: 04/04/18    Entered: 04/04/18 16:38:26    Page 1 of 5

At the above-referenced date, time and location, the Honorable Dennis Montali, United States Bankruptcy Judge for the Northern District of California, held a hearing on the Debtor's Motion For An Order: (1) Approving the Sale of Assets of the Estate Free and Clear of Liens and Other Interests; (2) Finding Buyer is a Good Faith Purchaser; and (3) Waiving 14-Day Stay of FRBP 6004(h). Appearances at the Hearing were made as set forth on the record of the Court.

Upon consideration of the Motion, the Memorandum of Points and Authorities and Declarations of Shelby Ho, James Andrew Hinds, Jr., and Monica Yeung Arima in support thereof, the Oppositions file by DFI Technologies, LLC and Official Committee of Unsecured Creditors of Liberty Asset Management Corporation, all evidence submitted in support of the foregoing, the statements, representations and arguments of counsel made on the record at the Hearing, the entire record of this bankruptcy case, and based further upon the findings of fact and conclusions of law as stated on the record (all such findings and conclusions which are hereby incorporated by reference pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, and it appearing that notice of the Motion and the sale of that certain real property and improvements located at 126 Atherton Avenue, Atherton, CA 94027 (hereinafter referred to as the "Property") was proper, and for good cause appearing,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

Jurisdiction, Final Order and Statutory Predicates

A. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

Notice of the Motion

B. The notice of the Motion was properly served in accordance with Federal Rules of Bankruptcy Procedure and Northern District of California Local Bankruptcy Rules.

2

ORDER AUTHORIZING THE SALE OF 126 ATHERTON AVENUE, CALIFORNIA FREE AN CLEAR OF LIENS, CLAIMS, ENCUMBRANCE, AND OTHER INTERESTS

Case: 18-30032   Doc# 103   Filed: 04/04/18   Entered: 04/04/18 16:38:26   Page 2 of 5

Good Faith of Buyer

C.  Buyer has acted in good faith with respect to the sale of the Property and if all of the conditions to closing occur are satisfied, Buyer shall purchase the Property in good faith, and shall be a good-faith buyer within the meaning of § 363(m) of the Bankruptcy Code, and is therefore entitled to all of the protections afforded by Bankruptcy Code § 363(m). Buyer has proceeded in good faith in all respects in connection with this proceeding.

Highest or Best Offer

D.  The sale of the Property to Buyer maximizes the value of the Property and provides a better recovery for the Debtor's Estate than would have been provided in any other alternative in light of the circumstances of this case.  The Debtor's determination to sell the Property to the Buyer  constitutes the highest or best offer for such asset and constitutes a valid exercise if the Debtor's business judgment.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is **GRANTED** as set forth herein.
2. The Purchase and Sale Agreement is authorized and approved in its entirety.
3. Pursuant to §§ 105 and 363 of the Bankruptcy Code, the Debtor is authorized, in its discretion and in the exercise of its business judgment, to sell the Property pursuant to the Purchase Agreement free and clear of all liens, claims, interests, and encumbrances, to perform all obligations under the Purchase Agreement (including payment of the Broker Fee and the Other Closing Costs out of the proceeds of the Sale), and to take any other reasonable actions that may be necessary in the Debtor's good faith business judgment to effectuate closing of the Sale, and that any actions taken by the Debtor is necessary or desirable to consummate such transactions prior to the entry of this Order are hereby ratified.

3

ORDER AUTHORIZING THE SALE OF 126 ATHERTON AVENUE, CALIFORNIA FREE AN CLEAR OF LIENS, CLAIMS, ENCUMBRANCE, AND OTHER INTERESTS

Case: 18-30032    Doc# 83    Filed: 04/04/18    Entered: 04/04/18 16:38:26    Page 3 of 5

4. The Debtor and any title company are authorized to transfer title and deed property, and take any other actions as may be necessary to transfer ownership of the Property to the Buyer.

5. All persons and entities holding liens, claims, interests or encumbrances with respect to the Property are hereby barred from asserting such Interests against the Buyer, theirs successors or assigns, or the Property.

6. Upon closing, the Debtor is directed, to pay over, or instruct escrow to pay over, the proceeds realized by the Debtor from the sale of the Property as follows:

   **(i)** The Redwood Lien which shall be paid in in accordance with the agreement stated on the record at the Hearing;

   **(ii)** The DFI 2nd Lien which shall be paid in full through escrow;

   **(iii)** The Hsing-Chieh Shih Lien which shall be paid in full through escrow;

   **(iv)** The Phyllis Shih Lien which shall be paid in full through escrow;

   **(v)** The DFI 5th Lien which shall be paid in full through escrow;

   **(vi)** The DFI 6th Lien which shall be paid in full through escrow; and

   **(vii)** The Tax Lien which shall be paid in full through the close of escrow.

   **(viii)** Customary and ordinary closing costs, including escrow and title costs, broker commissions to the respective real estate brokers.

7. All proceeds of the Sale (net of the Broker Fee and Other Closing Costs), if any, shall be paid to into the Debtor's general DIP account and such net proceeds shall be disbursed and otherwise treated by the Debtor in accordance with the final Orders of this Court.

8. The Debtor shall be authorized and empowered to take any necessary actions to implement and effectuate the terms of this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding any applicability of Bankruptcy Rule 6004(h).

ORDER AUTHORIZING THE SALE OF 126 ATHERTON AVENUE, CALIFORNIA FREE AN CLEAR OF LIENS, CLAIMS, ENCUMBRANCE, AND OTHER INTERESTS

4

ORDER AUTHORIZING THE SALE OF 126 ATHERTON AVENUE, CALIFORNIA FREE AN CLEAR OF LIENS, CLAIMS, ENCUMBRANCE, AND OTHER INTERESTS

Case: 18-30032    Doc# 83    Filed: 04/04/18    Entered: 04/04/18 16:38:26    Page 4 of 5

***END OF ORDER***

5

ORDER AUTHORIZING THE SALE OF 126 ATHERTON AVENUE, CALIFORNIA FREE AN CLEAR OF LIENS, CLAIMS, ENCUMBRANCE, AND OTHER INTERESTS

Case: 18-30032    Doc# 93    Filed: 04/04/18    Entered: 04/04/18 16:38:26    Page 5 of 5